## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

Jul 28 2015, 8:58 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Marce Gonzalez, Jr.
Dyer, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aqueeli Hakeem Walton, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 28, 2015 <br><br> Court of Appeals Case No. <br> 45A05-1412-CR-600 <br><br> Appeal from the Lake County <br> Superior Court; <br> The Honorable Salvador Vasquez, <br> Judge; <br> 45G01-1307-MR-8 |

**May, Judge.**

[1] Aqueeli Hakeem Walton appeals his conviction of murder.[1] Walton asserts the State did not disprove his claim of self-defense beyond a reasonable doubt. As there was sufficient evidence to disprove Walton's claim, we affirm.

## Facts and Procedural History

[2] In 2013, Walton and Cameron Sanders were friends who lived in the same neighborhood in Hammond, Indiana. Sanders was in a relationship with Walton's sister Aaliyah. Aaliyah lived with Sanders and his family. Walton lived with his girlfriend, her child, and several other members of her family.

[3] On July 21, 2013, Aaliyah and Sanders argued. Sanders fired a gun into the air. Aaliyah retreated from the argument with a bump on her head. Later that day, Sanders came to Walton's house carrying a gas can. Walton followed Sanders into the house. Witnesses heard multiple shots fired from the house. Walton then fled. Sanders' mother entered Walton's house and found Sanders bleeding on the floor. Sanders died, and an autopsy revealed he had nine gunshot wounds.

[4] The State charged Walton with murder. Walton claimed he had shot Sanders in self-defense. The jury rejected Walton's claim of self-defense and found him guilty.

---

[1] Ind. Code § 35-42-1-1 (2007).

# Discussion and Decision

[5]  The State disproved Walton's claim of self-defense beyond a reasonable doubt. Our review of whether the State presented sufficient evidence to rebut a claim of self-defense is the same as that of any sufficiency of evidence claim. *Miller v. State*, 720 N.E.2d 696, 699 (Ind. 1999). We will not "reweigh the evidence or assess the credibility of witnesses but look solely to the evidence most favorable to the judgment with all reasonable inferences to be drawn therefrom." *Id.* "We will affirm a conviction where such evidence and reasonable inferences constitute substantial evidence of probative value sufficient to support the judgment." *Id.*

"[A] person (1) is justified in using deadly force; and (2) does not have a duty to retreat; if the person reasonably believes that that force is necessary to prevent serious bodily injury to the person[.]" Ind. Code § 35-41-3-2(c) (2013). To prevail on a claim of self-defense, Walton had to show he: (1) was where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *See Brand v. State,* 766 N.E.2d 772, 777 (Ind. Ct. App. 2002) (requirements of a self-defense claim), *trans. denied*. The State has the burden of rebutting a claim of self-defense, and to do so, it must negate at least one of the three elements of a self-defense claim. *Id.*

[6]  Walton argues Sanders threatened him and "went for his gun." (Tr. at 864.) However, the State presented evidence Sanders did not have a gun when he

entered Walton's house, and we may not reweigh the evidence. *See Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007) (appellate court cannot reweigh evidence or judge witness credibility).

[7] The jury could also reasonably infer Walton did not act in self-defense because he shot Sanders nine times. "Firing multiple shots undercuts a claim of self-defense." *Hood v. State*, 877 N.E.2d 492, 497 (Ind. Ct. App. 2007), *trans. denied.*

[8] The evidence that Sanders was unarmed and Walton shot him nine times was sufficient to negate Walton's claim of self-defense. Accordingly, we affirm.

[9] Affirmed.

Robb, J., and Mathias, J., concur.